UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-224 |
| DENNIS M. SORTO-ENAMORADO | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is a motion to vacate filed by Defendant pursuant to 28 U.S.C. §2255. See Rec. Doc. 96. Having carefully considered Defendant's submission,[1] the record in this matter and applicable law, **IT IS ORDERED** that Defendant's motion is **DENIED** for the reasons stated herein.[2]

---

[1] Given the particular assertions made by Defendant, the Court's enhanced familiarity with the background of this matter, having presided over Defendant's jury trial and subsequent sentencing proceeding, and the availability of the record, the Court finds it unnecessary to require the Government to submit a response to Defendant's motion.

[2] A petitioner's motion under 28 U.S.C. § 2255 will be dismissed without an evidentiary hearing if it can be concluded on the record as a matter of law that petitioner cannot establish one or both of the elements necessary to establish his constitutional claim. *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995)(citing *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995)). Discovery under § 2255 is limited, and the petitioner has not satisfied the "good cause" test of Rule 6 of the Rules Governing § 2255 Proceedings. See, e.g., *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) (conclusory allegations are not enough to warrant discovery; "the petitioner must set forth specific allegations of fact; Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions") (citation and internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000) (permitting discovery or evidentiary hearing on "conclusory and speculative claim" would be "tantamount to a fishing expedition").

In short, Defendant's motion rests on assertions that are either inapposite to this proceeding or otherwise without any support. For instance, certain of Defendant's contentions are premised on entry of a guilty plea pursuant to a plea agreement. Defendant, however, did not plead guilty; rather, he was found guilty following a jury trial. Defendant also complains about receiving a concurrent sentence of 121 months as to Counts One and Two rather than a sentence within a Sentencing Guidelines range of 60-69 months imprisonment. The range applicable to Defendant, however, was not 60-69 months. Rather, the 10 years mandatory minimum sentence applicable to Count One of the Superseding Indictment yielded a range of 120-121 months. Moreover, in the absence of that statutory minimum requirement, the Sentencing Guideline range would have been 97-121 months.[3]

Defendant additionally contends that his counsel failed to effectively address the issue of obstruction of justice and failed to object to "numerous errors" in the PSR.[4] To the contrary, however, his counsel submitted a well-reasoned written response to the Government's objection to the probation officer's failure to include an obstruction of justice enhancement in the PSR.[5] The Court, moreover, denied the Government's objection. As a result, Defendant's total offense level did not include a two-level increase for obstruction of justice. Further, Defendant does not identify the alleged PSR errors.

---

[3] See Pre-Sentence Investigation Report ("PSR"), p. 10.

[4] See Rec. Doc. 96, pp. 19 and 20.

[5] See December 12, 2011 Memorandum in Opposition to Government's Objection to the Pre-Sentence Report.

Defendant also maintains that he should have received a reduction of his offense level, pursuant to United States Sentencing Guidelines § 3B1.1, premised on a "minor" or "minimal" role. The record, however, does not reflect that Defendant's offense involved the participation of anyone other than him. Thus, this contention is unfounded.

Defendant additionally contends that his attorney did not "investigate the law controlling [the] important issue" of "the issue of the predicate nexus for advisory sentencing guidelines."[6] The Court is unclear as the exact basis for and meaning of this assertion and Defendant offers no further explanation. Accordingly, the Court finds it to be without merit.

Finally, Defendant contends that his sentence is inconsistent with 18 U.S.C. § 3553 (a)(6) because it fails to avoid a unwarranted sentencing disparities among other defendants with similar records who have committed similar crimes. Defendant offers no support, however, for this argument. As stated, this is a single-defendant matter and Defendant offers no sentencing information regarding anyone else for comparison.

Accordingly, Defendant's motion is denied.

New Orleans, Louisiana, this 23rd day of January 2015.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[6] See Rec. Doc. 96, p. 19.